UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY DOWNS, | No. 2:15-cv-0611 KJN P |
| Petitioner, | |
| v. | ORDER |
| JEFFREY BEARD, | |
| Respondent. | |

Petitioner is a state prisoner proceeding without counsel. Petitioner consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, with an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

First, this lawsuit is brought by petitioner as a class action. Petitioner, however, is a non-lawyer proceeding without counsel. It is well established that a layperson cannot ordinarily represent the interests of a class. See McShane v. United States, 366 F.2d 286 (9th Cir. 1966). This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). In direct

1

terms, petitioner cannot "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure.  See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976).  This action, therefore, will not be construed as a class action and instead will be construed as an individual civil suit brought by petitioner.

Second, petitioner alleges violations of his right to equal protection and due process, and violations of the Americans with Disability Act ("ADA") and Section 504 of the Rehabilitation Act, and the Individuals with Disabilities in Education Act ("IDEA").  (ECF No. 1 at 1.)  However, such allegations do not sound in habeas.  Petitioner's allegations challenge the conditions of confinement, rather than the fact or duration of petitioner's confinement; thus, no habeas jurisdiction is present.  Ramirez v. Galaza, 334 F.3d 850 (9th Cir. 2003) ("habeas jurisdiction is absent and a [civil rights] action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence").  Because the court does not have jurisdiction over petitioner's challenge to the conditions of confinement, the petition is dismissed without prejudice.

The court has discretion to construe the petition as a civil rights complaint.  See Wilwording v. Swenson, 404 U.S. 249, 251 (1971) (holding that district courts have discretion to construe a habeas petition attacking conditions of confinement as a complaint under 42 U.S.C. § 1983 despite deliberate choice by petitioner to proceed on habeas), superseded by statute on other grounds as recognized in Woodford v. Ngo, 548 U.S. 81, 84 (2006).  However, provisions of the Prison Litigation Reform Act of 1995 ("PLRA") may make it inappropriate to construe a habeas petition as a civil rights complaint.  Due to the PLRA's filing fee requirements, its provisions requiring sua sponte review of complaints, and its limits on the number of actions a prisoner may be permitted to file in forma pauperis,[1] a prisoner should not be obligated to proceed with a civil rights action unless the prisoner clearly wishes to do so.  See 28 U.S.C. §§ 1915 & 1915A; 42 U.S.C. § 1997e; Bunn v. Conley, 309 F.3d 1002, 1007 (7th Cir. 2002) (stating that

---

[1] According to the court's electronic case files, petitioner has filed five civil rights cases in the Eastern District of California:  Case Nos. 2:09-cv-0714 GBC; 2:09-cv-1105 KJN; 2:12-cv-3057 MCE CKD; 2:14-cv-0605 MCE CMK; and 2:15-cv-1507 KJN.

1  courts should not re-characterize nature of prisoner's claim because PLRA and AEDPA created
2  "pitfalls of different kinds for prisoners using the wrong vehicle").  Thus, the petition is dismissed
3  without prejudice instead of converting the claims into a 42 U.S.C. § 1983 action, or allowing
4  petitioner to file a civil rights complaint in this action.

Because the court lacks jurisdiction over the habeas petition, the court declines to address the accompanying motions (ECF Nos. 2 & 3).

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 5) is granted; and
2. The petition for writ of habeas corpus is dismissed without prejudice.

Dated:  April 22, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/down0611.dsm

3