UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY DOWNS,

Petitioner,

v.

JEFFREY BEARD,

Respondent.

No. 2:15-cv-0611 KJN P

ORDER

Petitioner is a state prisoner proceeding without counsel, or "pro se." By order filed April 22, 2015, the petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 was dismissed without prejudice. On May 14, 2015, petitioner filed a request for extension of time to file an "objection" to the April 22, 2015 dismissal. However, on April 1, 2015, petitioner consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). "Once a civil case is referred to a magistrate judge under section 636(c), the reference can be withdrawn by the court only 'for good cause shown on its own motion, or under extraordinary circumstances shown by any party.'" Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993) (citation omitted). The undersigned does not find good cause to withdraw petitioner's consent and petitioner has not presented extraordinary circumstances entitling him to withdraw his consent. Thus, to the extent petitioner seeks an extension of time to file a motion for reconsideration by a district judge, such request is denied.

To the extent petitioner seeks an extension of time in which to file a motion for reconsideration of the April 22, 2015 order and judgment, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, petitioner's request is granted. Rule 60(b) provides as follows:

> **Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances. . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control. . . ." Id. (internal quotation marks and citation omitted).

In seeking reconsideration of an order, Local Rule 230(j) requires plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Id. "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Good cause appearing, petitioner is granted an extension of time in which to file a motion for reconsideration pursuant to Rule 60(b).

In his request, petitioner also asks the court to issue an order to be provided with copies of legal decisions, similar to the order issued in Davis v. Lafler, 692 F.Supp.2d 705 (E.D. Mich. Aug. 11, 2009). In Davis, the district court ordered the respondent in a habeas action to provide the pro se petitioner with paper copies of any unpublished decisions and electronically-available-only opinions to which respondent had cited or may cite in respondent's pleadings. Id. at 706.

Here, respondent was not served, and there has been no appearance by the Office of the Attorney General. Thus, there is no respondent to order to provide petitioner with copies of legal authorities. Moreover, the April 22, 2015 order explained the ground for the dismissal. Petitioner filed his action on the form for filing a petition for writ of habeas corpus. (ECF No. 1.) Habeas corpus proceedings are appropriate for challenging the fact or duration of a prisoner's confinement. Petitioner made no such challenge here. Rather, in petitioner's initial pleading, petitioner alleged violations of his right to equal protection and due process, and violations of the ADA and the IDEA; such claims challenge petitioner's conditions of confinement and must be raised in a civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF No. 7 at 2.) Thus, because habeas jurisdiction was absent, the action was dismissed.[1] In addition, as set forth above, the undersigned has provided petitioner with the standards governing a motion for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure.

For these reasons, petitioner's request for an order under Davis is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request for an extension of time to file objections, or a motion for reconsideration by a district judge, (ECF No. 9), is denied;

////

[1] The undersigned also noted that petitioner, as a nonlawyer proceeding without counsel, could not pursue this case as a class action. (ECF No. 7 at 1.) On page 16 of petitioner's typewritten attachment to the habeas form, petitioner included himself and 19 other inmates, complete with their inmate identification numbers. (ECF No. 1 at 16.) The first sentence of his attachment began: "Class action Writ of Habeas Corpus for violation of the Americans with Disability Act . . . ." (ECF No. 1 at 16.)

2. Petitioner's request for an extension of time (ECF No. 9) to file a motion for reconsideration pursuant to Rule 60(b) is granted;

3. Petitioner is granted thirty days from the date of this order in which to file a motion for reconsideration pursuant to Rule 60(b); and

4. Petitioner's request to be provided with copies of legal decisions is denied without prejudice.

Dated: May 27, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/down0611.36