UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY DOWNS, | No. 2:15-cv-0611 KJN P |
| Petitioner, | |
| v. | ORDER |
| JEFFREY BEARD, | |
| Respondent. | |

Petitioner is a state prisoner, proceeding without counsel. Petitioner consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). On April 22, 2015, petitioner's application for writ of habeas corpus was dismissed without prejudice because petitioner challenged the conditions of his confinement rather than the fact or duration of his confinement.

On September 3, 2015, petitioner filed a 218-page document in which he appears to object to the court's April 22, 2015 and May 27, 2015 orders.[1] The court construes petitioner's filing as a motion for relief from judgment. Fed. R. Civ. P. 60(b).

////

---

[1] Petitioner's initial request for reconsideration was denied because he had consented to the jurisdiction of the undersigned and sought reconsideration by a district judge. But even if he had sought reconsideration by the undersigned, his initial request was untimely filed. Local Rule 303. On May 27, 2015, and July 13, 2015, petitioner was granted extensions of time in which to file a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

Rule 60(b) provides as follows:

> **Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances. . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control. . . ." Id. (internal quotation marks and citation omitted).

First, petitioner's motion is timely because it was filed within one year after judgment was entered. Fed. R. Civ. P. 60(c)(1). Because the filing is timely, his request for extension is denied.

Second, petitioner again raises various arguments under the Americans with Disabilities Act ("ADA"), citing the class action Armstrong v. Davis, 275 F.3d 849 (9th Cir. 2001), as well as other arguments, and seeks injunctive relief and a stay of this action. However, what petitioner does not do is challenge the fact or duration of his confinement. Petitioner vaguely claims that he is enforcing his rights under Armstrong pursuant to the ADA due "to the admission of the defendants in regards to [his] ADA status at [his] April 1, 2015 California Board or Prison Terms hearing." (ECF No. 16 at 2.) Petitioner provided copies of pages from the transcript of the April 1, 2015 hearing, which reflect that petitioner was present and represented by counsel, and that petitioner declined to speak to the panel at the hearing. (ECF No. 16 at 18-19.)

Petitioner is advised that this court's habeas review of parole hearings is constricted by Swarthout v. Cooke, 562 U.S. 216, 218-20 (2011). The Supreme Court held that the protection afforded by the federal due process clause to California parole decisions consists solely of "minimal" procedural requirements, specifically "an opportunity to be heard and . . . a statement of the reasons why parole was denied." Id. at 220. These considerations constitute "the beginning and the end of the federal habeas court's inquiry into whether [a petitioner] received due process" before a parole board. Id. Moreover, as found by the Ninth Circuit, "there is no substantive due process right created by California's parole scheme." Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011).

Because petitioner again fails to challenge the fact or duration of his confinement, his filing, construed as a motion for relief from judgment, is denied. Because the court lacks jurisdiction over the habeas petition and this case is closed, the court declines to address the remainder of petitioner's filing.

Petitioner requested the appointment of counsel. Because the instant action is closed, the appointment of counsel is not appropriate.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for an extension of time (ECF No. 15) is denied as unnecessary;

2. Petitioner's September 3, 2015 filing, construed as a motion for relief from judgment (ECF No. 16), is denied;

3. Petitioner's September 3, 2015 request for appointment of counsel (ECF No. 16) is denied; and

4. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

Dated: September 14, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

down0611.60b